Bowen, J.
 

 This case cannot be distinguished, in principle, from
 
 Slee
 
 v.
 
 Manhattan Company
 
 (1
 
 Paige,
 
 48). In that case, as in this, the plaintiff, being the holder of a bond and mortgage, assigned them to the defendant, as security for a debt owing by the former to the latter, which mortgage was foreclosed by the assignee, and the mortgaged premises were bid in by him for a sum less than the amount secured by the mortgage, and less than the amount of the debt which the assignment was made to
 
 secure;
 
 and the assignee was required, on receiving the amount of his debt and interest, to convey the mortgaged premises to the assignor.
 

 That case was decided in 1828, and the correctness of the decision has not, that I am aware of, been called in question until the decision of the case at bar in the Supreme Court; and, as transactions may and probably have occurred, and rights been acquired, with reference to the rule there adopted and enforced, the case should not now be overruled, unless a palpable error was committed. The doctrine
 
 stare decisis
 
 is a salutary one, and should not ordinarily be departed from, where the decision is of long standing and rights have been acquired under it, unless considerations of public policy
 
 *226
 
 demand it. That decision was made after full consideration; and I am by no means' prepared to dissent therefrom, but, on the contrary, think that the case was a proper one for the application of the equitable rule which prohibits a trustee, or person acting in a fiduciary capacity, from speculating out of the subject of the trust.
 

 In the case cited the foreclosure was' by advertisement, mder the statute, while in this case it was by action, the assignor and assignee being the plaintiffs; and it is claimed that these circumstances, especially the fact that the plaintiff in this action was a party plaintiff to the foreclosure suit, distinguish the two cases.
 

 But I do not understand how or upon what principle the rights of Hoyt, the plaintiff in this action, are affected by his being made a party to the foreclosure suit. The assignment to Martense was, in effect, a mortgage of the mortgage. The object of the action in favor of Hoyt and Martense was solely to foreclose the equity of redemption of Corbitt, the original mortgagor, in the mortgaged premises,- and had no reference whatever to the right of Hoyt to redeem the mortgage by the payment of his debt to Martense. Hoyt’s right of redemption was wholly unaffected by the foreclosure and sale. Had the premises been purchased at the sale, under the decree in the foreclosure suit, by a third person, for an amount exceeding the debt due to Martense, the latter would have been liable to account to Hoyt for the excess, or at least for such -an amount of the excess as, together with the amount of the debt to Martense, would be equal to the amount the original mortgage was given to secure. But as Martense purchased the premises at the sale, he, after the purchase, held the land, in place of the mortgage, as security for his debt. He held the mortgage, and the proceeds and avails of it, as trustee for Hoyt, after what was due him was paid, and equity will not permit him to purchase in the premises for his own benefit, and speculate therefrom at the expense of his
 
 cestui que trust.
 

 
 *227
 
 It is true that, prior to the foreclosure and prior to the assignment, Hoyt held the mortgage only as security for the mortgage debt, and payment of this debt would have extinguished his interest in the mortgaged premises, when, by this action, he seeks to compel Hártense to convey the whole premises, or account for the proceeds thereof, after payment to the latter of the debt due to him, and that, too, without reference to the amount secured by the mortgage to Hoyt. But Hártense held the assignment of the mortgage only as security for the debt due to him from Hoyt, and his relations to Hoyt were wholly unaffected by the foreclosure and sale, while the equity of redemption of Corbitt in the mortgaged premises was barred thereby.
 

 I think that the judgment of the general and that of the special term of the Supreme Court should be reversed, and a new trial be granted, with costs to abide the event.
 

 Comstock and Brown, Js., not having heard the argument, expressed no opinion. All the other judges concurring,
 

 Judgment reversed.