ELISHA BLOOMER, Appellant, *v.* THOMAS F. STURGES et al., Respondents.

Defendants held certain mortgages, assigned to them by the O. I. Co. as collateral security for an indebtedness. They commenced a suit for the foreclosure thereof making the plaintiff, who was then the owner of the equity of redemption in the mortgaged premises, and said company and H., its receiver, defendants. The complaint set forth the above facts, alleged that the said defendants had or claimed some interest, but that the same, if any, accrued subsequent to the mortgage, and asked that they be barred of all right, claim and equity of redemption, etc. The defendants named were duly served or appeared; the present plaintiff alone answered; the usual judgment was rendered, directing sale and barring and foreclosing all rights and interests of defendants. Under this judgment the premises were sold and the defendants here became the purchasers. The premises did not sell for sufficient to pay the indebtedness to them. In an action brought by plaintiff, as assignee of the rights and interests of the O. I. Co. to redeem, *held*, that all rights of the company in and to the premises were extinguished by said judgment, and that the adjudication was binding upon it and plaintiff so long as it remained unreversed and unmodified.

*It seems*, that if there remained any unextinguished right of redemption after the purchase by defendants, it did not attach to the land so as to enable plaintiff, by redemption, to acquire it absolutely, but only attached so far as to give him a lien for the amount unpaid upon the notes.

*Slee* v. *The Manhattan Company* (1 Paige, 48) and *Hoyt* v. *Martense* (16 N. Y., 231) distinguished and limited.

(Argued April 13, 1874; decided September 22, 1874.)

APPEAL from judgment of the General Term of the Supreme Court in the second judicial department, affirming a judgment in favor of defendants entered upon an order of the court at Circuit dismissing the complaint.

This was an action to redeem certain premises situate in the city of New York.

On September 3, 1857, the Ocean Insurance Company was the owner of three promissory notes, with bonds and mortgages given to secure the same, which were executed by one Cook to the plaintiff and by him assigned to said company; the latter assigned them to the defendants as collateral security for a debt due to them by said company. A foreclosure suit was commenced upon these mortgages on May 11, 1859, by the defendants, the complaint being in the ordinary form for the collection of the amount due upon these three mortgages, stating, however, that the same were held as collateral for debt due by the company. The notice of object of action as well as the *lis pendens* stated that the purpose of the suit was to foreclose said three mortgages, and that no personal claim was made against any of the defendants save the mortgagor. The Ocean Insurance Company was, on May 12, 1859, through its vice-president, served with the summons and notice of object of action, but did not appear or answer. This company had been previously declared insolvent by order of this court, dated December 21, 1858, and Albert Horn had been appointed receiver. The receiver was served and appeared, but did not answer. Plaintiff was also made defendant, he then owning the equity of redemption in the mortgaged premises. He put in an answer, but only raising the issue that there had been an agreement to extend the notes for which the mortgages were originally given, which defence was overruled, and on March 22, 1860, an order was made " that the plaintiffs were entitled to the relief demanded in the complaint " and a reference ordered " to compute the amount due upon the notes and mortgages set forth in said complaint." The referee reported the amount due upon the mortgages themselves, and also reported the amount due to Sturges & Co. from the Ocean Insurance Company upon the debt for which they were held as collateral security. Judgment was perfected directing a sale of the mortgaged premises, that the plaintiffs be paid the amount due them for which they held the mortgages as collateral, and when enough of the premises were sold to pay this and expenses,

that further sale be subject to the order of the court as to which defendants respectively may apply; also the usual clause giving permission to any of the parties to purchase, and that defendants be barred and foreclosed of all rights, equity of redemption, etc. The premises were sold under this judgment and purchased by defendants, the sale not realizing enough to pay the amount of their claim. Subsequently the name of the company was changed from the Ocean to the Anchor Insurance Company. In May, 1861, another receiver of said company, was appointed, who sold at auction all the right, title and interest of the company in said premises, with its right to redeem the same, which were purchased by and assigned to plaintiff. The court dismissed the complaint upon the trial and plaintiff appealed from the judgment to the General Term of the first department, but the justices holding the term at which it was argued being evenly divided it was ordered to the second department.

*Amasa J. Parker* for the appellant. The assignment of the mortgages to Sturges & Co. having been made as collateral security, was in legal effect a mortgage of such mortgages. (*Carr* v. *Carr*, 52 N. Y., 254; *Slee* v. *Manhattan Co.*, 1 Paige, 49, 70–79; *Hoyt* v. *Martense*, 16 N. Y., 234; *Case* v. *Carroll*, 35 id., 385, 390; *Graydon* v. *Church*, 7 Mich. [3 Cooley], 37.) Defendants having purchased the mortgaged premises in their suit to foreclose the mortgages, they held the premises as collateral security only and subject to right of the assignors to redeem them. (*Weed* v. *Snow*, 1 Mich., 132; *York Manfg. Co.* v. *Cutts*, 18 Me., 190, 201; *Solomon* v. *Wilson*, 1 Whart., 241; *Henry* v. *Davis*, 7 J. Ch., 40; *Sweet* v. *Van Wyck*, 3 Barb. Ch., 447; *Norton* v. *Warner*, 3 Edw. Ch., 106; 1 Wash. on R. P., 501; 1 L. Cas. in Eq., 211; *Brown* v. *Tyler*, 8 Gray, 135, 139.) The object of the action being only to foreclose the equity of the original mortgagor, no rights between the assignor and the defendants in this action which were created by the assignment, could be or were affected thereby. (*Hoyt* v. *Martense*,

16 N. Y., 234; *Matthews* v. *Duryea*, 17 Abb. Pr., 263; 4 Keyes, 525; *Taylor* v. *Taylor*, 43 N. Y., 12, 13; *Towers* v. *White*, 10 Paige, 395; *F. L. and T. Co.* v. *Seymour*, 9 id., 545; *U. Ins. Co.* v. *Van Rensselaer*, 4 id., 85; *Dury* v. *Clark*, 16 How., 431; *Lewis* v. *Smith*, 5 Seld., 515, 516.) The action of the referee in computing the amount due to Sturges & Co., and the incorporating of such finding in the judgment did not foreclose or in any way affect the equity of redemption created by the assignment and existing in the company. (*Taylor* v. *Taylor*, 43 N. Y., 586; *Lewis* v. *Smith*, 11 Barb., 152; 5 Seld., 516; *Malloney* v. *Horan*, 12 Abb. Pr. [N. S.], 289, 294; *Matthews* v. *Duryea*, 17 Abb. Pr., 263; *Mer. Ins. Co.* v. *Marvin*, 1 Paige, 557; *Campbell* v. *Consalus*, 25 N. Y., 613; *Rome Ex. Bk.* v. *Eames*, 1 Keyes, 594; *Bradley* v. *Alrich*, 40 N. Y., 504; *M. and T. Savgs. Inst.* v. *Roberts*, 1 Abb. Pr., 381; *Simonson* v. *Blake*, 12 id., 331; *Bullwinkle* v. *Ryder*, id., 311; *Byrne* v. *Romaine*, 2 Edw. Ch., 445, 447, and cases cited.) Notice to Bloomer in the foreclosure suit was not notice to the company, even though he was president, and did not affect its right of redemption. (*President, etc.*, v. *Corner*, 37 N. Y., 20, 323; *Miller* v. *Illinois Central Railroad*, 24 Barb., 312; *La Farge Fire Insurance Co.* v. *Bell*, 22 id., 54; *Olcott* v. *Tioga Railroad*, 27 N. Y., 561; *National Bank* v. *Horton*, 1 Hill, 572.) Mere notice of the decree or of the sale thereunder would not cut off any equity of redemption not legally foreclosed. (*Slee* v. *Manh. Co.*, 1 Paige, 49; *Hoyt* v. *Martense*, 16 N. Y., 234; *Case* v. *Carrol*, 35 id., 385.) The formal decree does not contain anything that actually forecloses the company's equity of redemption. (*Campbell* v. *Consalus*, 25 N. Y., 613, 615; *Chappell* v. *Potter*, 11 How. Pr., 365, 367; *Rome Ex. Bk.* v. *Eames*, 1 Keyes, 588, 594; *Simonson* v. *Blake*, 12 Abb., 331.) The interest created by the assignment was an interest in the land. (2 Bl. Com., 158; 4 Kent's Com., 164; Story's Eq., 1016; 2 L. Cas. in Eq., 449; 1 Smith's L. Cas., 57.) The assignor was the owner of the mortgage in the same sense in which the mortgagor

is owner of the land. (3 Edw. Ch., 106; 22 Eng. Ch., 40.) This interest was to be governed in regard to its foreclosure by the same rule as mortgages on real estate. (*Slee* v. *Manh. Co.*, 1 Paige, 48; *Brockway* v. *Wells*, id., 618; *Holdridge* v. *Gillespi*, 2 J. Ch., 30; *Henry* v. *Davis*, 7 id., 324; S. C., 2 Cow., 324; *Brainard* v. *Cooper*, 6 Seld., 358; *Miner* v. *Beekman*, 11 Abb. Pr. [N. S.], 154; *Johnson* v. *Hart*, 3 J. Cas., 331.) An agreement waiving the right of redemption embodied in a mortgage is void. (2 Story's Eq. Jur., § 1019; Crabb on R. P., § 2252; *Henry* v. *Davis*, 7 J. Ch., 40; *Clark* v. *Henry*, 2 Cow., 324.) The fact that plaintiff was a party to the foreclosure is immaterial. (*McMahon* v. *Allen*, 34 Barb., 65; *Schermerhorn* v. *Talman*, 14 N. Y., 127, 143; *Winslow* v. *Whiting*, 47 id., 201; *Griffith* v. *Griffith*, 9 Paige, 315; Hoff., 153; *Wood* v. *Chapman*, 3 Kern., 509.) It was error for the court below to hold that objections to the decree could only be taken in the foreclosure case. (*Picabia* v. *Everard*, 4 How. Pr., 113; *Monell* v. *Lawrence*, 12 J. R., 534; 2 Hoff. Ch. Pr., 3; *Dobson* v. *Pearce*, 12 N. Y., 156, 166.) It was error to exclude upon the trial the order made pending the foreclosure vacating the order appointing a receiver of the company and reinstating the company in its functions and powers. (*Sedgwick* v. *Cleveland*, 7 Paige, 290; *Dease* v. *Thorn*, 3 J. R., 552; *Cleveland* v. *Bœman*, 24 N. Y., 619, 621.) A receiver is only an officer of the court; he has no rights whatever and his appointment in no way affects the title to property. (*In re Colvin*, 3 Md. Ch. Dec., 278; Edw. on Recrs., 42; *Wilson* v. *Wilson*, 1 Barb. Ch., 592; *In re Ec. Assn.*, MS. G. T., First Dep.)

*Daniel D. Lord* for the respondents. The order of reference and decree of foreclosure and sale cannot be impeached in a collateral action. (*Dobson* v. *Pearce*, 12 N. Y., 164; *Goodhue* v. *Churchman*, 3 Barb. Ch., 596.) The complaint was sufficiently definite to apprise the defendant of the relief demanded. (Code, §§ 142, 176; *Dunn* v. *Dimon*, 15 N. Y., 498; *Rukman* v. *Platner*, 15 Barb., 550; *Denry* v. *Clark*,

16 How. Pr., 424; *Banks* v. *Walker*, 3 Barb. Ch., 439; *Allen* v. *Patterson*, 3 N. Y., 476.) If plaintiff's right rested on a fiduciary relation existing between the company and Sturges & Co., it was not assignable by the company. (*McMahon* v. *Allen*, 34 Barb., 56; *Nicoll* v. *N. Y. and E. R. R. Co.*, 12 N. Y., 137; *Schermerhorn* v. *Talman*, 14 id., 127.) Plaintiff's claim is inequitable. (*John* v. *Bennett*, 39 Barb., 237; 2 R. S., 713 [Edm. ed.].)

JOHNSON, J. The claim to redeem, advanced by the plaintiff, is founded upon his purchase from the receiver of the Anchor Insurance Company in June, 1866, in whom was then supposed to be vested such rights, in respect to the property in question, as belonged to the Ocean Insurance Company at and immediately after the purchase by the defendant Sturges, at the foreclosure sale in May, 1860. If, therefore, the proceedings and judgment in the foreclosure suit, under which the defendant Sturges purchased, were effectual to extinguish the rights of the Ocean Insurance Company in the property sold, the plaintiff cannot succeed.

The Ocean Insurance Company being the holder of these notes and mortgages by assignment from the present plaintiff, to whom they were originally made, and being indebted to the firm of Sturges & Co., assigned the same to that firm as collateral security for the claim due to it from that company.

The notes being unpaid, Sturges & Co. commenced a suit for the foreclosure of the mortgages and the sale of the mortgaged premises. Among the defendants were Bloomer, the present plaintiff, then the owner of the equity of redemption of the lands mortgaged, by conveyance from Cook the mortgagor, the Ocean Insurance Company and one Horn, who had been appointed, and then was, receiver of that company, and also Cook, the mortgagor and maker of the notes which the mortgages were given to secure. The preceding material facts were alleged, and it was further averred that the defendants had or claimed to have some

interest in or lien upon the said mortgaged premises, or some part thereof, but that such interest or lien, if any, had accrued subsequently to the lien of the said mortgage. The relief prayed for was, among other things, that the defendants might be barred and foreclosed of all right, claim, lien and equity of redemption in the mortgaged premises, and that the premises should be sold and the plaintiff paid the amount due on the notes and mortgages. Upon this complaint, the defendants named appear to have been duly served, or to have actually appeared in the action ; and such proceedings were subsequently had that a judgment was rendered by the court for the sale of the mortgaged premises, by which it was also adjudged that any of the parties to the action might purchase at the sale, and that the defendants and each of them should be forever barred and foreclosed of all right, title, interest and equity of redemption in said mortgaged premises so sold, or any part thereof. Besides these provisions, the judgment contained a direction for arresting the sale when enough should be realized to pay the amount determined by the judgment to be due to the plaintiff from the Ocean Insurance Company, but as the whole premises did not sell for the requisite sum the provisions in that behalf did not affect the proceedings. Under this judgment the sale took place, and the defendants Sturges became the purchasers.

It is obvious that the court which pronounced the judgment which has been stated had jurisdiction of the subject-matter of the action and of the parties who have been named. This being so, the judgment, in every form of collateral inquiry, must be taken to be valid and effectual, even though it should appear both erroneous and irregular. The remedies for such defects are by appeal for error, or application to the court which gave the judgment to correct the irregularity. These are proceedings in the suit itself in which the error or irregularity occurred. But the case now before the court is a new and original proceeding and the judgment in foreclosure cannot be attacked, jurisdiction having existed. It must

be dealt with in the same manner and receive the same support as if it had been pronounced upon full argument and mature consideration. It is, however, scarcely necessary to invoke these principles in support of the judgment in the foreclosure suit here in question. The object of that suit, as disclosed by the averments and prayer of the complaint, was to obtain payment and satisfaction of the mortgages which the plaintiff held by assignment from the Ocean Insurance Company. Primarily this object was sought to be effected by the sale of the mortgaged premises. To effectuate the end sought it was necessary to make a good title to the purchaser at the sale, and this could only be done by the extinguishment of all rights which were subsequent or subject to the lien of the mortgages in foreclosure. To this end, among others, was the Ocean Insurance Company made a party defendant. The possibility that the mortgaged premises might not sell for enough to satisfy the claim of the plaintiff in the foreclosure was one which the company was bound to contemplate and to act in view of, for its own protection. It might have paid off the plaintiff's claim or have protected its interest by bidding in the property. Doing neither of these things, nor alleging any ground of defence against the action, it is impossible that it should now be held entitled to any further right in the premises. Indeed, if the assignment had been absolute and no interest had remained in the company, it would not have been a proper party to the foreclosure suit. Its interest in the mortgaged property, that it should bring more than the amount as 'security for which it had been assigned, was the only ground on which it needed to be made a party; and as to its rights in that aspect it had its day in court and the adjudication made is binding upon it so long as it stands unreversed or unmodified.

This case must not be confounded with those in which a party having a right subsequent to a mortgage sought to be foreclosed, and, also, a prior right, has been held not to be precluded in respect to the prior right by a foreclosure, the terms of which were obviously framed with reference

to the subsequent right, though expressed broadly enough to seem to include the prior right also. Such were the cases of *Frost* v. *Koon* (30 N. Y., 428, 444, 446) and the cases therein stated and considered. Such was also the case of *Malloney* v. *Horan* (49 N. Y., 111), in which a wife's right of dower was deemed not barred by a judgment setting aside a conveyance of the fee made to her by the grantee of her husband as fraudulent as against his creditors, although she had joined with her husband in the conveyance adjudged fraudulent. These cases are not understood to trench at all upon the well settled doctrine in respect to the effect of judgments as estoppels, which is stated in *Clemens* v. *Clemens* (37 N. Y., 74) in terms long approved. "A judgment or adjudication is final and conclusive not only as to the matter actually determined, but as to every other matter which the parties might have been litigating and have had decided as incident to or essentially connected with the subject-matter of the litigation, and every matter coming within the legitimate purview of the original action, both in respect to matters of claim and of defence." They are rather held to be cases in which the matter was only apparently and not really involved in the determination of the former suit, and was in fact neither the ground of any claim or defence appropriate to the original suit. Obviously, these cases can have no legitimate application to such a case as that before us, in which the interest now set up and claimed to be unaffected by the former judgment was the only ground upon which the party could be rightfully impleaded in that suit.

The cases of *Slee* v. *The Manhattan Co.* (1 Paige, 48) and *Hoyt* v. *Martense* (16 N. Y., 231) are claimed to give support to the doctrine which the plaintiff seeks to establish. But, rightly considered, this claim is not well founded. The chancellor, in his opinion, limits his statement of the effect of a supposed decree in equity to a case in which Slee (whose position answered to that of the company in this case) was not made a party to the suit. It was on that ground that Slee's equitable claim would have remained untouched by

the foreclosure had it occurred in an equity suit, to which Slee was not a party; and it was on the ground of the exact equivalence of a statute foreclosure to such a foreclosure by suit that Slee's equity was deemed not cut off.

*Hoyt* v. *Martense* stands upon a different ground. In that case, as is shown by a reference to the case and points on which the decision was made, the debt between Hoyt and Martense, to secure which the mortgage had been assigned, was not due when the foreclosure was commenced. On that ground, the suit to foreclose was brought in the names of the assignor and the assignee, and the decree professed only to adjudicate upon and foreclose the rights of the defendants, leaving those of the plaintiffs, as between each other, unaffected.

Another aspect of the two cases last cited is not now requisite to be determined upon; for if there remained an unextinguished right of redemption after the purchase by Sturges & Co., at the foreclosure sale, it is now vested in the plaintiff. Whether it attached to the land so as to enable him by redemption to acquire it absolutely, or whether it attached to the land only so far as to give him a lien upon it for the amount unpaid upon the notes and mortgages transferred by the company to Sturges & Co. as security, he would in either event be entitled to a determination in his favor. The nature of the redemption in such a case cannot be considered as finally determined by the cases cited. The assignors having had only a money claim of definite extent secured on the land, can have no equity to anything further. Their right was, on paying up the debts, to have back their mortgages, and no principle is perceived on which that right ought to be enlarged or altered so as to give the title to the land instead of a lien for a definite sum. In estimating the judicial value of what was said by the chancellor in support of the right of Slee to have the land in the case in 1 Paige, it should be observed that the distinction between a right to redeem the land and the right to redeem by setting up the original lien to the amount secured by it

was of no practical consequence in that case, for it appears that the amount due by the original mortgage was $4,000 and interest, while the value of the land appears to have been $3,000 only. This appears from the statement at page 61, and also from the original papers which have been examined. Under such circumstances the parties would be quite indifferent as to the precise form of the right of redemption, since any right to redeem was sufficient to cover the whole value in controversy; and most probably the discussion at the bar did not at all relate to the distinction between the right to the land and the right to hold the original lien upon the land on paying up the debt, as security for which the mortgage had been assigned. What view the chancellor might have taken of this subordinate question, had his attention been called to it on settling a decree, we cannot tell, for the records show that no decree was ever entered on the opinion.

In regard to the case of *Hoyt* v. *Martense*, what Judge BOWEN said on this question was not necessary to the judgment rendered, for if there was a right of redemption in any sense, a reversal was the necessary consequence. His observations were founded entirely upon *Slee* v. *The Manhattan Company ;* and the case ought not to be deemed to add anything in the way of authority to the doctrine in question. Without, however, pretending to determine definitely the question discussed, since it is not necessary to the decision of the cause, it has been deemed proper to call attention to it, lest we should seem, by silence, to give it further sanction.

The judgment appealed from should be affirmed.

All concur.

Judgment affirmed.