Boardman, J.
This action was brought to recover a deficiency of about $2,500, arising under a mortgage foreclosure which plaintiff was obliged to pay by reason of his sale and guarantee of payment of the mortgage foreclosed. It is alleged that defendant when he bought the property verbally agreed to pay-the encumbrances upon the place including the mortgage which was foreclosed. ' The plaintiff and defendant were among others parties defendant, in the foreclosure suit, and upon the sale under that judgment a deficiency of $2,531.04 arose for which amount a judgment was had against the plaintiff, who afterwards paid the same with some $30 or $35 of costs incurred in enforcing the collection. For these sums with interest a recovery was had.
The defenses interposed were (1) a general denial, (2) statute of limitations, and (3) the bar of the judgment in the foreclosure action.
There is little else than the question of fact which calls for *135 discussion. There is abundant evidence of a promise and agreement by the defendant, to pay all the incumbrances including the mortgage foreclosure which were liens upon the farm at the date of the sale. The deed contains no such assumption of the debts or agreement to pay them, but such parol proof of contract does not contradict the deed and is competent to establish the liability of the defendant. Taintor v. Hemingway, 18 Hun, 458, affirmed, 83 N. Y., 610. It is true the defendent denies that he agreed to assume or pay these liens. The result is a conflict of evidence. The court below has decided in favor of the plaintiff. We cannot say such decision is against the weight of evidence. While the decision finds that Kent did not understand the liabilities he assumed by his conduct and words, it is still plainly found that he was bound to' pay the incumbrances to the holders thereof, that he understood he was keeping back purchase money to pay such liens, and that the vendor understood that he was to pay the same. This language is not explicit but it amounts, we think, to a finding that the defendant when he bought the farm assumed and agreed to pay the incumbrances thereon.
The plaintiff’s cause of action is founded upon the failure of the defendant to pay the mortgage foreclosed, whereby and in consequences whereof a judgment for the deficiency was had against the plaintiff. The defendant’s contract was not so far broken as to furnish a cause of action until plaintiff had suffered damages by his neglect to pay. But if we treat it as a contract to pay these liens there is nothing to indicate an intent or expectation that they should be paid at once, but rather within a reasonable time thereafter. Again, by the terms of the mortgage, a foreclosure could not have been had before August 2d, 1880, except upon a failure to pay the interest thereon, which, as we understand, did not occur until 1879, only three years before this action was brought.
The judgment in foreclosure did not determine the rights of the defendants, in that action between each other. It certainly did determine the plaintiff’s obligation to pay. But it was not decided and it was not necessary to decide wffiether plaintiff, had a remedy over against the defendant Kent. A judgment against the maker and endorsers of a promissory note may determine that all or part are liable to the plaintiff, but it’ does not determine what may be their rights inter sese. The plaintiff is not estopped or barred by the judgment upon the foreclosure from pursuing the present remedy. Hoyt v. Martense, 16 N. Y., 231, Malloney v. Horan, 49 N. Y., 111, 116.
We think the judgment for the deficiency, $¡2581.04, was the measure and limit of defendant’s liability. That was the amount which the plaintiff was compelled to pay by reason of the defendant’s neglect to perform his contract. The costs of *136 the mortgage foreclosure are not included in that sum, $2581.04, but were first paid out of the proceeds of the sale as required by the judgment. But we do not think any costs thereafter paid in an effort to avoid the payment of the judgment for deficiency or for any other reason was due to defendant’s default or was properly chargeable to him. The sum of thirty five dollars with interest thereon from the 27th day of April, 1882, to the 30th day of July, 1888, amounting in all to the sum of $37, 65, should be deducted from the amount of the judgment and as so reduced the judgment should be affirmed.
Judgment reversed and new trial ordered with costs to abide the event unless the plaintiff shall stipulate to deduct from the judgment, $37.65 as stated in the opinion, in which case the judgment as so modified is affirmed without costs of the appeal to either party.
Hardin and Follett, JJ., concur.