UNITED STATES *v.* CONSOLIDATED KANSAS CITY SMELTING & REFINING CO. ET AL. (No. 3351)[1]

United States Court of Customs and Patent Appeals, January 28, 1931

*Charles D. Lawrence*, Assistant Attorney General (*Philip Stein* and *Ralph Folks*, special attorneys, of counsel), for the United States.
*James L. Gerry* for appellee.

[Oral argument December 8, 1930, by Mr. Folks and Mr. Gerry]

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges

BLAND, Judge, delivered the opinion of the court:

Appellee imported at the port of El Paso, from Mexico, certain ores containing copper, gold, silver, and lead, and entered same for warehousing. The ores were smelted and refined for the recovery of copper, gold, and silver in the bonded warehouse established by appellee in pursuance to the statute. The record discloses that the metal to be recovered from the ore was copper, with incidental recovery of gold and silver, and that in the process of smelting to recover the copper, gold, and silver, the lead, which is the merchandise represented by the different protests ranged in quantity from 5.8 per centum to one-half of 1 per centum, was totally lost. Prior to

---

[1] T. D. 44610.

such importation, the appellee had executed the necessary bond in the sum of $500,000 required by the Treasury regulations, which need not be quoted here, and we do not regard it necessary to quote the provisions of section 312 of the Tariff Act of 1922, which provides for the withdrawal or exportation of the metals recovered from such ores, since the same matter was set out and discussed fully in *American Smelting & Refining Co.* v. *United States*, 13 Ct. Cust. Appls. 507, T. D. 41391, hereinafter referred to.

In the judgment of the court below the protests were sustained and the Government has appealed here.

The Government contends that the *American Smelting & Refining Co.* case, *supra*, is *stare decisis* in the case at hand, and that the issue in this case is the same issue that was decided adversely to the contentions of the importer in the former case.

The importer's position is summed up in the following statement in its brief:

Under the provisions of section 312, Tariff Act of 1922, and the provisions of the bond given pursuant thereto and in view of the history of legislation on this subject, it is clear that it was not the intent of Congress to assess with duty the lead content of imported ores containing copper, gold, silver, and lead, when said ores were smelted and refined in a bonded smelting and refining warehouse established and operated under the regulations of the department, when such lead contents were necessarily and completely destroyed and lost in the process of smelting, and there can be no actual withdrawal by the importer of any refined dutiable metal.

The court below, in an opinion written by Chief Justice Fischer, attempted to distinguish this case from the *American Smelting & Refining Co.* case, *supra*, and in a lengthy decision, which was evidently given much consideration, arrived at its conclusion by reasoning, which, if applied to its former decision, also written by Chief Justice Fischer, and affirmed by this court in *American Smelting & Refining Co.* v. *United States*, *supra*, would challenge the correctness of the decision of that court and this court in that case.

In *American Smelting & Refining Co.* v. *United States*, *supra*, the imported merchandise was a zinc-bearing ore containing lead, whereas in the instant case the merchandise is a lead-bearing ore containing copper, silver and gold. One of the shipments in the former case contained 35.10 per centum lead and 34 per centum zinc. Appellee contended there that the zinc had been destroyed and that the importer therefore, should be relieved of the payment of duties thereon, and that the goods were not imported within the tariff sense, since the zinc did not go into commerce. The court below and this court held that the merchandise, as imported, contained a recoverable portion of zinc which was dutiable, even though the same was destroyed, and that the merchandise was imported.

The contention of the importer in the case at bar is substantially as above.  In its brief is the following:.

One obvious solution of the problem is to recognize that, since the lead ores never were actually imported, the duties which would have been collectable in the event of importation actually taking place, never in fact became due and payable.  This point has already been considered.

Also:

While the doctrine of *stare decisis* is a salutary one, and should not ordinarily be departed from, where the decision is of long standing and rights have been acquired under it, unless consideration of public policy demand it, *Hoyt* v. *Martense*, 16 N. Y. 231, the doctrine will not be applied to the extent of perpetuating error, *Sioux Remedy Co.* v. *Cope*, 235 U. S. 197.

The above two quoted contentions on the part of appellee, in our judgment, go to the effect that the former decision was wrong and that appellee seeks to retry the same issue upon a slightly modified statement of facts.  Unless we are prepared to reverse our finding in the former case we can not sustain the position of the importer and the judgment of the court below.

The first paragraph of paragraph 392 of the Tariff Act of 1922 reads as follows:

PAR. 392.  Lead-bearing ores and mattes of all kinds, 1½ cents per pound on the lead contained therein: *Provided*, That such duty shall not be applied to the lead contained in copper mattes unless actually recovered   *   *   *.

It will be observed that Congress by its proviso expressly provided that lead, if "contained in copper mattes unless actually recovered," shall not be dutiable.  There is no contention in the case at bar that the imported ores are copper mattes.  If Congress had intended that lead contained in copper ore, such as that at bar, should not be dutiable unless actually recovered, it would have been a very simple matter to have said so while it was framing the proviso.  The absence of such a provision strongly suggests to us that it intended that lead when imported in the condition as at bar should be dutiable, which is agreeable to our conclusion in *American Smelting & Refining Co.* v. *United States, supra*.

In the instant case the importer and the court below attempt to differentiate the facts in this case from the facts in the *American Smelting & Refining Co.* case, *supra*, by stating that in the former case there was a dutiable metal produced—lead—which could be withdrawn from Government custody and thus give effect to the condition of the bond, while here the complete loss of the only dutiable metal has rendered impossible a compliance with the words of the bond.  If we are correct in our conclusion that Congress by the proviso intended only to make free of duty lead which was contained in copper mattes, the reasoning of the importer and the court below is without supporting foundation.

It is pointed out and very earnestly urged that Congress could not have contemplated levying a duty upon lead which was not recovered or recoverable. The same argument was made in *American Smelting & Refining Co., supra*, and notwithstanding this fact this court in its decision said:

There is nothing in the language or circumstances surrounding the passage and approval of the Tariff Act of 1922 that leads us to the conclusion that metals lost in the smelting and refining processes in bonded smelters were to be admitted free. It is true that a reasonable allowance must be made by the Secretary of the Treasury for wastage. It is also true that if the zinc content is less than 10 per centum it is not dutiable. If Congress had intended to make a change in this respect it might easily have done so with few words. General Appraiser Fischer very aptly points out, in the opinion of the court below, that in paragraph 392, the paragraph imposing duties upon lead-bearing ores and mattes, this significant exception is made which did not appear in the equivalent paragraph in the Tariff Act of October 3, 1913:

\* \* \* *Provided*, That such duty shall not be applied to the lead contained in copper mattes unless actually recovered.

We can not agree that Congress did not intend to make lead contained in copper ore dutiable, regardless of its recoverability. The lead was in the ore, and, while it is not in any sense regarded as important to this case, we can see no reason why all the other materials in the ore might not have been sacrificed for the recovery of the lead if prices and commercial conditions justified such action. At any rate Congress has definitely stated the particular circumstances under which lead contained in lead-bearing ores is not to be dutiable and we regard this as significant.

The protests should have been *overruled*, and the judgment of the United States Customs Court is *reversed*.