[No. 13599.   In Bank. — July 30, 1890.]

PENUMBRA KELLY ET AL., APPELLANTS, v. T. J. MATLOCK, RESPONDENT.

COLLATERAL SECURITY — ASSIGNMENT OF NOTE AND MORTGAGE TO CREDITOR — CONVEYANCE IN SATISFACTION WITHOUT DEBTOR'S CONSENT — RATIFICATION — LIABILITY OF CREDITOR. — Conceding that the holder of a note and mortgage assigned as collateral security cannot accept a conveyance of the mortgaged property in, satisfaction of the note, and release the mortgage without the debtor's consent, and that the debtor may hold the creditor as trustee of such land for his benefit as collateral security, yet he is not bound to do so; and as he might have authorized such conveyance and release, he may also ratify the act, and hold the creditor liable at least for the value of the property received, if not for the full amount of the note secured.

ID. — RIGHTS OF HOLDER OF COLLATERAL MORTGAGE — PURCHASE AT JUDICIAL SALE. — The holder of a mortgage as collateral security cannot sell it, but he may collect it when due, and to that end foreclose the lien, and himself become the purchaser; and if no fraud is shown, he does not

hold the title as trustee for his debtor, but takes the absolute title to the property, and must account to the debtor only for the proceeds.

Id. — CONVEYANCE WITHOUT JUDICIAL SALE — ELECTION OF DEBTOR — TRUST — CONVERSION. — When the holder of a note and mortgage as collateral security takes a conveyance of the mortgaged property without a judicial sale, and without consent of the debtor, the debtor may elect either to hold him as trustee, or to treat him as having wrongfully converted the same, and hold him for the value of the property, have his debt satisfied, and recover the balance.

Id. — WANT OF CONSIDERATION OF COLLATERAL MORTGAGE — ESTOPPEL OF CREDITOR TO OBJECT. — The question of want of consideration of a mortgage assigned to a creditor as collateral security is one to be determined between the creditor and the mortgagor, and is one in which the debtor is not interested, and the creditor cannot object on that ground to accounting to the debtor for the value of the property mortgaged, when he took the mortgage in consideration of the pledgor's debt to him, and realized the value of the property by a conveyance thereof from the mortgagor.

Id. — NON-NEGOTIABILITY OF COLLATERAL NOTE. — The question whether the note secured by a mortgage assigned as collateral security is non-negotiable, because providing for the payment of an attorney's fee, is wholly immaterial, where the creditor has realized upon it, as he cannot in justice be allowed to withhold what he has received upon the note by pleading its non-negotiability.

Id. — FORECLOSURE OF MORTGAGE — ACTION FOR DEFICIENCY AGAINST DEBTOR — COUNTERCLAIM — VALUE OF LAND RECEIVED ON COLLATERAL MORTGAGE. — Where a mortgage has been foreclosed against a mortgagee, who had also assigned another mortgage in his favor to his mortgagor as collateral security for the same debt, and an action has been brought upon the deficiency judgment, the debtor who gave the collateral security may counterclaim the value of land received by his mortgagor in satisfaction of the collateral mortgage from the maker thereof, and may recover the balance after satisfying the deficiency judgment, though the collateral mortgage was given to him by his brother without consideration, and though the note thereby secured was not negotiable.

APPEAL from a judgment of the Superior Court of Los Angeles County.

The facts are stated in the opinion of the court.

*Wells, Guthrie & Lee,* for Appellants.

The assignment of the N. N. Matlock note and mortgage as collateral security for T. J. Matlock's debt constituted a pledge of personal property. (*Ponce* v. *McElvy,* 47 Cal. 159; *Gay* v. *Moss,* 34 Cal. 125; *Fraker* v. *Reeve,*

36 Wis. 85; Jones on Pledges, ed. 1883, secs. 140–142; Civ. Code, secs. 2986, 2987.) The pledgee acquires only a special property, which is not enlarged by the mere fact that the pledgor fails to pay the debt at the time specified. (*Wright* v. *Ross*, 36 Cal. 414; *Heyland* v. *Badger*, 35 Cal. 404; *Dewey* v. *Bowman*, 8 Cal. 145; *Cross* v. *Eureka Lake Canal Co.*, 73 Cal. 302; *Waldie* v. *Doll*, 29 Cal. 555; *Goldstein* v. *Hort*, 30 Cal. 372; *Gay* v. *Moss*, 34 Cal. 125; *Ponce* v. *McElvy*, 47 Cal. 154; Civ. Code, secs. 2986, 2987.) The conveyance of the land from N. N. Matlock to appellants gave them no higher right to the land than they before held, and the land became thenceforth the security, representing in that respect the note and mortgage which it had supplanted. (*Ponce* v. *McElvy*, 47 Cal. 159; *Smith* v. *Bunting*, 86 Pa. St. 116; Jones on Pledges, secs. 683, 684; *Chester* v. *Hill*, 66 Cal. 480–483.) A party is never allowed to take from his debtor, by any form of contract, his right to redeem property. (*Davis* v. *Denning*, 12 W. Va. 282; *Chapman* v. *Turner*, 1 Call, 280; 1 Am. Dec. 514; *Thompson* v. *Davenport*, 1 Wash. 128; *Pennington* v. *Hanby*, 4 Munf. 140; *Scott* v. *Britton*, 2 Yerg. 215; *Bennett* v. *Holt*, 2 Yerg. 6; *Clark* v. *Henry*, 2 Cow. 325; *Horn* v. *Keteltas*, 46 N. Y. 605.) Where a mortgagee takes a conveyance of the mortgaged property from the mortgagor, the mortgage is not merged in the deed, where it is to the interest or intention of the mortgagee to still hold the mortgage as a lien. (*Gray* v. *Nelson*, 77 Iowa, 63; *Hanlon* v. *Doherty*, 109 Ind. 37; *Lowman* v. *Lowman*, 118 Ill. 582.) Any additional conveyances exacted or secured by the mortgagee for his benefit will ordinarily be regarded as further security, or a new form of security, for the same mortgage debt, and will not extinguish the equity of redemption. (*Marshall* v. *Thompson*, 39 Minn. 137; *Halridge* v. *Gillespie*, 2 Johns. Ch. 30; *Holmes* v. *Grant*, 8 Paige, 251; *Clark* v. *Henry*, 2 Cow. 327; *Hone* v. *Fisher*, 2 Barb. Ch. 557.) It is an established principle in equity that

whenever trust property or pledged property has been improperly transferred by the trustee or pledgee, the *cestui que trust*, or the pledgor, may follow it into the hands of anybody who takes it with notice. (*Bailey* v. *Ingley*, 2 Paige, 279; *Burt* v. *Dennett*, 2 Brown Ch. 225; Story's Eq. Pl., sec. 155; 1 Daniell's Chancery Practice, 247.) A mere colorable and pretended sale of pledged property by the pledgee does not affect the rights of the pledgor, as against one not in the position of a *bona fide* purchaser. (*Norton* v. *Baxter*, 41 Minn. 146.) A creditor is entitled to hold his securities, whatever they may be, until he gets his pay. The securities belong to him, and he may enforce the debt without surrendering them. (Jones on Pledges, sec. 590.) The return of the pledge is not a condition to be performed before or concurrently with the payment of the debt secured. (Jones on Pledges, sec. 593; *Chapman* v. *Clough*, 6 Vt. 123; *Morse* v. *Woods*, 5 N. H. 297–300; *Taylor* v. *Cheever*, 6 Gray, 146; *Ehrlich* v. *Ewald*, 66 Cal. 97; *Chester* v. *Hill*, 66 Cal. 480–483.) The creditor had no power to release the collateral mortgage and note. (*Chester* v. *Hill*, 66 Cal. 480–483.) An action of conversion would not lie against appellants, and counterclaim will not lie. An allegation of fraud is not sustained by evidence of a conversion, nor *vice versa*. (Bigelow on Fraud, ed. 1888, pp. 179, 180; *Burnham* v. *Noyes*, 125 Mass. 85.) The debt is a contract independent of the giving of the pledge, and complete in itself. (Jones on Pledges, sec. 594; *Winthrop Bank* v. *Jackson*, 67 Me. 570; 24 Am. Rep. 56.) The note secured was not negotiable. (*Chase* v. *Whitmore*, 68 Cal. 545; *Cayuga Bank* v. *Purdy*, 56 Mich. 7; *Garretson* v. *Purdy*, 3 Dak. 178; *Kimball* v. *Moir*, 15 Or. 427.)

*Davis & Taylor*, and *W. F. Henning*, for Respondent.

The transfer and delivery of the N. N. Matlock note and mortgage, without further agreement than to secure

an indebtedness of T. J. Matlock, constituted a pledge of personal property, and not a mortgage. (Civ. Code, secs. 2948, 2955, 2956, 2986, 2987; Jones on Pledges, secs. 140, 142; *Gay* v. *Moss*, 34 Cal. 125; *Ponce* v. *McElvy*, 47 Cal. 159.) The rights of a pledgee are fixed by the code. (Civ. Code, secs. 3000–3011.) The answer shows a proper counterclaim, and appellants are liable for a conversion of the note and mortgage, which were extinguished by the deed. (Civ. Code, sec. 2910, 3336; Code Civ. Proc., sec. 438; Pomeroy's Rights and Remedies, secs. 630–632, 815, 816, 840, 841; Jones on Pledges, sec. 575; *Gay* v. *Moss*, 34 Cal. 132.) Appellants must pay over the surplus. (Civ. Code, sec. 3008.) The value of the property converted must be accounted for, which is presumed to be its face value. (*Ponce* v. *McElvy*, 47 Cal. 159.)

WORKS, J. — The appellants and one Ausmus, for the accommodation of the respondent, executed to him their two promissory notes for one thousand dollars and fifteen hundred dollars, respectively, which notes were negotiated by the respondent; and upon his failure to meet them, they were paid and taken up by the appellants.

The respondent and his wife, to secure the appellants and Ausmus from loss on these accommodation notes, executed to them a mortgage on an undivided interest in certain real estate in the state of Oregon owned by the respondent. He also assigned and delivered to them, as further collateral security, a note of his brother to him for two thousand five hundred dollars and a mortgage on a part of the same real estate given to secure said note.

Upon the payment of the accommodation notes by them, the appellants secured an assignment from Ausmus of his interest in the securities above mentioned, brought an action against the respondent and his wife to foreclose the mortgage given by them, recovered a

decree of foreclosure thereof, sold the land, realizing less than their claim, and procured the entry of a deficiency judgment for the balance. They also brought an action against respondent's brother to foreclose the mortgage given by him, and assigned to them as collateral security. The respondent was made a party to this proceeding, but was not served with process.

Instead of proceeding to a judgment in this case, the appellants took a deed from the mortgagor in satisfaction of their claim against him, and agreed to and did dismiss the action, and deliver up and satisfy the mortgage of record.

This action was brought by the appellants to recover the amount of the deficiency judgment above mentioned. The respondent answered, alleging payment in full, and set up a counterclaim alleging the facts with reference to the collateral mortgage, and praying that the plaintiffs be charged with the amount thereof on account of their acceptance of a conveyance of the land and satisfaction of the mortgage; that enough thereof to satisfy the deficiency judgment sued on be applied to the payment thereof, and that he have judgment for the balance. The court found in favor of the defendant, and decreed the satisfaction of the judgment, and rendered judgment in his favor for $1,397.09. From this judgment the plaintiffs appeal.

It is contended by the appellants, and conceded by the respondent, that the transfer and delivery of the mortgage as collateral security was a pledge of personal property. The appellants further claim that, being a simple pledge of personal property, the appellants had no power to accept a conveyance of the property and release the mortgage; that such release was a nullity, so far as the respondent was concerned, and that therefore they could do nothing but ignore that transaction, and sue upon the deficiency judgment as if no such transaction had taken place.

It may well be conceded, for the purposes of this case, that, *without the respondent's consent*, the appellants had no right to release his mortgage, held by them as collateral, and that, if he had elected to do so, he might have repudiated the transaction, and had the release or satisfaction canceled, or held the appellants as trustees of the land for his benefit, subject, as collateral security, for the amount due them. (*Chester* v. *Hill*, 66 Cal. 480; *Price* v. *McElvy*, 47 Cal. 159.) But if the respondent might have consented to the conveyance before it was made, and thereby have authorized the appellants to receive the same, and hold the title as their own, we see no reason why he may not subsequently ratify their act, and hold them liable for at least the value of the property received by them, if not for the full face of the note secured by the mortgage. The appellants certainly cannot complain of such a result. They have, as they concede, acted in violation of the respondent's rights, and should be held to answer to him for the value of the property actually received by them. The case of *Smith* v. *Bunting*, 86 Pa. St. 116, so much relied upon by the appellants, is not in point. There the holder of the collateral securities proceeded to collect his debt by foreclosing the same, recovered a decree, caused the property to be sold on execution, himself became the purchaser, and gave his debtor credit for the amount of his bid. The attempt, on the part of the debtor, was to hold the creditor liable for the full value of the property instead of the amount at which he bid it in. It was held that this could not be done. It was further held, however, that, conceding the right of the debtor to show that the property was worth more than the bid, and that by purchasing the property the creditor became a trustee thereof for him, then the creditor was not bound to give credit on his claim for the amount of his bid, or any other sum, but could recover his whole debt, and that in either event the plaintiff was entitled to judgment.

It was not held in the case referred to that the creditor did hold the property as a trustee for his debtor, but that, conceding that he did, as claimed by the debtor, he was still entitled to judgment.

In our judgment, under our code, the holder of a mortgage as collateral security, who causes the property to be sold on execution, and himself becomes the purchaser, does not hold the title as a trustee for his debtor, unless it is shown that he obtained the title by some fraudulent means. He cannot sell an evidence of debt of this kind, but may collect the same when due. (Civ. Code, sec. 3006.) And to that end he may foreclose the lien, and himself become the purchaser. (Civ. Code, sec. 3011.) If so, and no fraud is shown, he takes the absolute title to the property, and must account to the debtor for the proceeds. Instead of taking this course, the appellants saw proper to take a conveyance without a judicial sale, and they were properly held for the value of the property received by them. The respondent might have held them as trustees, for the reason that they had taken title to the property without his consent, and in violation of his rights; but he was not bound to do so, but had the right to treat them as having wrongfully converted the same, hold them for the value of the property, have his debt satisfied, and recover the balance.

It is claimed by the appellants that this could not be done in this case, because it was shown by the evidence that the note and mortgage were given to the respondent, by his brother, without consideration. Conceding that the note and mortgage were given without consideration, we do not see how this can affect the question before us. The mortgage was held by the appellants on a sufficient consideration. The mortgagor could not have pleaded want of consideration against them. Had they forced the property to a judicial sale, and become the purchasers, or if some one else had become the purchaser,

could they have set up a want of consideration against
the respondent, and thereby avoided liability to him for
the amount realized by the sale? Clearly not. Then
why could they do so where they have voluntarily aban-
doned their right to a judicial sale and taken a convey-
ance from the mortgagor instead? No reason is appar-
ent to us. The question of want of consideration is one
to be determined between the respondent and the mort-
gagor, and in which the appellants are not interested.

Again, it is contended that the note secured by the
mortgage was not negotiable, because it provided for the
payment of an attorney's fee. But whether it was nego-
tiable or not, is wholly immaterial in this case. The
appellants have realized upon it, and cannot, in justice,
be allowed to withhold what they have got, by pleading
its non-negotiability.

It is contended that the findings of the court are not
sustained by the evidence in various particulars specified,
and that the decision of the court is against law. We
have examined the evidence, and are satisfied that it is
such that the findings cannot be disturbed by this court.

The decision of the court is claimed to be against law,
on the grounds above noticed, and ruled against the
appellants.

Judgment affirmed.

McFARLAND, J., SHARPSTEIN, J., FOX, J., and THORN-
TON, J., concurred.