### JACKSON v. REED et al.    (No. 6529.)

(Court of Civil Appeals of Texas. Austin. Jan. 17, 1923. On Motion for Rehearing, Feb. 24, 1923.)

Pledges ⊸56(6) — Rights of parties, where pledgee of vendor's lien notes sued thereon and bought the property at execution sale.

Where R., to whom J. pledged, as collateral, vendor's lien notes of E. to J., brought action thereon against E., and had judgment against him and for foreclosure of the lien, or his equity of redemption, and at execution sale bought the land, he was accountable to J., not for the mere price at which he bought the land, but he held the land in trust for J., in place of the notes, and was accountable for what he might realize from sale of it fairly made, with right to credit for his expenditures in his action against E.

Appeal from District Court, Falls County; Prentice Oltorf, Judge.

Suit by T. J. Jackson against R. A. Reed and others, with cross-action by defendant Reed against plaintiff. From an adverse judgment, plaintiff appeals. Reversed and remanded, with instructions.

Frank Oltorf, of Marlin, for appellant.
Spivey, Bartlett & Carter, of Marlin, for appellee.

---

## Findings of Fact.

JENKINS, J. Appellee Reed was the owner of four promissory vendor's lien notes, executed by appellant, aggregating $650, upon which some payments had been made prior to the institution of this suit. Appellant, for the purpose of further securing the payment of said notes, delivered as collateral security to appellee Reed vendor's lien notes, executed by T. A. Erwin, and payable to appellant, amounting in the aggregate to $425. Erwin having failed to pay said notes when due, appellee Reed brought suit, and recovered judgment thereon, and for foreclosure of the vendor's lien. Afterwards Reed had execution issued on said judgment, and levied on the land, and bought in the same at sheriff's sale for the sum of $50. He gave appellant credit on his notes for this sum of $50, less the cost of the foreclosure suit. Appellant was not a party to the suit of Reed v. Erwin, and had no notice of the pendency of the same. Soon after purchasing the property at the foreclosure sale, appellee Reed sold the same for $450, taking vendor's lien notes therefor.

Appellant brought this suit against appellee Reed, T. A. Erwin, and C. A. Minter, who purchased the lots referred to from Reed, seeking to set aside the deed from Erwin by the sheriff to Reed, and the deed from Reed to Minter, and, in the alternative, to require Reed to give credit on appellant's notes for the value of the lots purchased by Reed at the foreclosure sale. Appellee Reed filed a cross-action, asking for judgment against appellant for the balance due on his notes, according to their face and tenor, and for foreclosure of the vendor's lien securing the same. Upon these undisputed facts, the trial court instructed a verdict for appellees, and judgment was rendered accordingly.

## Opinion.

The court was in error in instructing a verdict for the defendant, upon the facts as hereinbefore stated. The Erwin notes were pledged to Reed as collateral to further secure the payment of Jackson's notes. Reed was authorized to bring suit against Erwin on these collateral notes, to obtain judgment thereon for the amount of such notes, principal and interest, and the foreclosure of the vendor's lien. He was also authorized to purchase the lots at sheriff's sale, sold under an order of sale by virtue of such judgment; but, in purchasing the lots, he took title thereto in trust for the benefit of Jackson, the pledgor. The effect of Reed's judgment against Erwin was to foreclose Erwin's equity of redemption. The lots, when purchased by Reed, were substituted for the Erwin notes, and such judgment in no wise changed the relation of trustee and cestui que trust between Jackson and Reed as to the Erwin property. Reed not only had the right to purchase at the sheriff's sale, but it was his duty to do so to prevent the property from being sacrificed. His bid for the property at such sale would not be charged against him on the indebtedness of the pledgor, but only so much as he might realize from the sale of the property fairly made would be thus charged. Brown v. Tyler, 8 Gray (Mass.) 135, 69 Am. Dec. 239; Trust Co. v. Hasseltine, 200 Mass. 414, 86 N. E. 777, 16 Ann. Cas. 123; Montague v. Boston R. R., 124 Mass. 245; Stevens v. Dedham, 129 Mass. 549; Slee v. Manhattan Co., 1 Paige (N. Y.) 48; Hoyt v. Martense, 16 N. Y. 231; Dalton v. Smith, 86 N. Y. 176; In re Gilbert, 104 N. Y. 200, 10 N. E. 148; Ross v. Barker, 58 Neb. 402, 78 N. W. 730; Bank v. Car Co. (C. C.) 20 Fed. 65.

None of the cases cited by appellees is authority against the proposition above announced. Wright v. Ross, 36 Cal. 414, supports this proposition. The other California cases are governed by the California Code, and besides this Kelly v. Matlock, 85 Cal. 122, 24 Pac. 642, McArthur v. Magee, 114 Cal. 126, 45 Pac. 1068, and Hoult v. Ramsbottom, 127 Cal. 171, 59 Pac. 587, are not in point under the facts of those cases. For further discussion of the principles herein announced, see note to Anderson v. Messinger, 7 L. R. A. (N. S.) 1094.

This case is reversed and remanded, with instructions to the trial court to ascertain the cash value of the vendor's lien notes received by Reed from Minter, and to credit the same on the notes of appellant held by Reed, and to render judgment for Reed for any balance that may be due, or, if the balance is in favor of appellant, to render judgment for such balance in his favor.

It is unnecessary for us to discuss or pass upon other points raised on this appeal.

Reversed and remanded, with instructions.

## On Motion for Rehearing.

In our opinion herein we stated:

"This case is reversed and remanded, with instructions to the trial court to ascertain the cash value of the vendor's lien notes received by Reed from Minter, and credit the same on the notes of appellant held by Reed."

We intended that Reed should have credit for the amount which he expended in his suit against Erwin, and we here now make such addition to our instructions.

The motion for rehearing is overruled.

Motion overruled.