### FARMERS' SAV. BANK v. LESKY. *

(Circuit Court of Appeals, Eighth Circuit. June 4, 1925.)

No. 6717.

Pledges ⬅️56(6)—Bank held borrower's agent in foreclosing mortgage pledged as collateral for loan, and not liable to borrower for amount of bid less debt due it.

Where bank, at maturity of note given by plaintiff, at plaintiff's request foreclosed mortgage pledged as collateral for loan, and bid in land for amount of debt, interest, and costs, it acted merely as plaintiff's agent, and held title for plaintiff, and was not liable to plaintiff for amount of bid, less amount of plaintiff's debt.

In Error to the District Court of the United States for the Western District of Missouri; Albert L. Reeves, Judge.

Action by S. K. Lesky against the Farmers' Savings Bank. Judgment for plaintiff, and defendant brings error. Reversed.

Harold Pierce, of Springfield, Mo. (L. L. Collins, of Springfield, Mo., on the brief), for plaintiff in error.

George M. Sebree, of Springfield, Mo. (William D. Tatlow, of Springfield, Mo., on the brief), for defendant in error.

Before SANBORN and LEWIS, Circuit Judges, and POLLOCK, District Judge.

POLLOCK, District Judge. Plaintiff below, Lesky, brought his action against the Farmers' Savings Bank of West Plains, Mo., for brevity herein called the "bank," to recover, and did recover, a verdict and judgment, in amount $4,650, under the following circumstances and conditions:

*Rehearing denied October 20, 1925.

In the year 1919 the plaintiff, Lesky, borrowed from the bank $1,000 and evidenced the same by his promissory note, due in six months from date, and secured the same by the pledge of a promissory note for $4,500, secured by a mortgage on 320 acres of land in Musselshell county, Mont. After the maturity of the note of plaintiff to the bank, and it being unpaid, with the knowledge, consent, and at the request of plaintiff, the bank caused foreclosure suit to be brought in Musselshell county, Mont., in order to realize on the collateral which it had pledged to payment of plaintiff's note of $1,000. The case in Montana proceeded to foreclosure decree and sale of the property to satisfy the debt. At the sale the bank appeared through its solicitor and bid in the land for $5,625.59. The bank at all times kept plaintiff advised as to the progress made in the foreclosure suit in Montana, and also notified him it had bid in the land and obtained a sheriff's deed to the same, and offered to convey the land to Lesky on his payment of the amount of his note to the bank and reasonable costs and expenses by the bank incurred in the foreclosure suit in Montana. However, this offer plaintiff refused, evidently having been advised by some one, as the bank had bid in the Montana land for the full amount of the debt, principal, interest, and costs of suit, and had obtained a conveyance to the same, it was liable to him for the amount of the bid on the Montana land, less the amount due on his note to the bank, and the trial court so instructed the jury, over the objection and exception of the bank, at the conclusion of the evidence, as follows:

"(1) The court instructs the jury that under the pleadings in this case, the undisputed evidence, and the law applicable thereto, your verdict must be for the plaintiff.

"(2) The court instructs the jury that plaintiff's measure of damages in this case is the sum of $5,625.59, less the following sums: $300 attorney's fees, $14.20 costs, and the $1,000 note, with interest thereon from the 4th day of June, 1919, at the rate of 8 per cent. per annum to the 29th day of January, 1921; that after deducting the above-mentioned sums you will compute interest on the balance at the rate of 6 per cent. per annum from the date the plaintiff demanded of defendant the said balance, if you find from the evidence that such demand was made; otherwise, you will compute the interest on such balance from the day this suit was commenced, to wit, on the ——— day of November, 1921, to date, and return

a verdict in favor of the plaintiff and against the defendant for his damages in this case, arrived at and computed in the manner aforesaid."

This action of the trial court is assigned as error, and is clearly erroneous for this reason. The note secured by the Montana mortgage was at all times the property of plaintiff. It was by him pledged to the bank as collateral security to the debt he owed it. At any time after maturity of his note he could have redeemed the same by paying his debt to the bank. As this was not done, the bank could hold the pledged security until its debt was paid. In the foreclosure suit in Montana the bank merely acted as the agent or representative of plaintiff. Any title it took to the mortgaged property in Montana it took for the use and benefit of plaintiff, and at any time the debt due the bank from plaintiff was paid, and the reasonable costs and expenses incurred by the bank in the foreclosure suit, the bank would be compelled to convey the Montana land to plaintiff, for the title was taken for his use and benefit. Had the bank, after taking title to the mortgaged premises, conveyed the same to a third party, it must have accounted to plaintiff for the proceeds, or the value of the land conveyed, if of greater value than received by the bank. To this extent go all the authorities on the subject.

In First Nat. Bank v. Ohio Falls Car & Locomotive Works (C. C.) 20 F. 65, Woods, Judge, stated the rule as follows: "It has been held in a number of instances, and seems to be well established, that where a mortgage of real estate has been assigned as collateral security for a debt other than the mortgage debt, and the holder of the collateral forecloses the mortgage, without making the assignor party to the purchase, and becomes the purchaser under the decree, the sale extinguishes the mortgagor's right of redemption only, and does not otherwise affect the relations of the assignor and assignee of the collateral. The property, as well after foreclosure as before, is held for the benefit of both pledgor and pledgee, and must be disposed of for the benefit of both. The price bid at such sale does not operate as payment upon the debt for which the mortgage was pledged. Brown v. Tyler, 8 Gray [Mass.] 135 [69 Am. Dec. 239]; Montague v. Boston & A. R. Co., 124 Mass. 242; Stevens v. Dedham Inst., etc., 129 Mass. 547; Slee v. Manhattan Co., 1 Paige [N. Y.] 48; Hoyt v. Martense, 16 N. Y. 231; Dalton v. Smith, 86 N. Y. 176; Smith v. Bunting, 86 Pa. 116; Jones, Pledges, §§ 659, 683." See,

also, Nevius v. Moore, 221 Mo. 330, 120 S. W. 43; Holloway v. Holloway, 103 Mo. 274, 15 S. W. 536; In re Estate of Gilbert, 104 N. Y. 200, 10 N. E. 148.

The plaintiff seems to rely on First National Bank of Kansas City, Mo., v. Rush, 85 F. 539, 29 C. C. A. 333, decided by this court. However, consideration of that case fails to disclose it has any application here. At any time before foreclosure, plaintiff could have paid his note to the bank and taken down his collateral pledged. At any time during or after foreclosure of the Montana mortgage, he could have paid his indebtedness to the bank, evidenced by his promissory note, and the reasonable cost and expenses of the bank in acting as his representative in foreclosing the Montana mortgage, and after conveyance of the land to the bank compelled the bank to convey the same to him. His right of redemption of his property pledged was the only right of action had by him, under the circumstances, and such action was unnecessary in this case, because the bank had offered to convey on payment of its just demands.

It follows the judgment of the trial court is erroneous, and must be reversed.