[Civ. No. 2516.   Fourth Appellate District.—March 7, 1940.]

M. B. SONTAG et al., Appellants, v. A. E. SPRINGER et al., Respondents.

Harry E. Templeton and Adolph H. Levy for Appellants.

Newton M. Todd and Fred A. Watkins for Respondents.

GRIFFIN, J.—Appellants' amended complaint sets forth in substance that appellant M. B. Sontag, in January, 1932, gave respondent A. E. Stringer his promissory note in the sum of $4,000, and as security for the payment thereof Sontag assigned and delivered to Stringer a promissory note for $10,000 and trust deed which he, Sontag, held. The collateral note becoming in default, Stringer caused a trustee's sale to be held of the trust deed securing said collateral note, and Stringer himself purchased the property for approximately $5,000. The complaint further alleges that in causing said trustee's sale to be held and in purchasing said property Stringer was acting as trustee for Sontag and other appellants; that Stringer now repudiates any such trust relationship; that the property was and is of the value of $50,000. Appellants ask that the court declare that said property is held by Stringer in trust for appellants, that it be conveyed to them, that an accounting of the rents, issues and profits be had from the date Stringer took over the property, and for such other and further relief to which appellants may be entitled. The court sustained defendants' demurrer to plaintiffs' amended complaint with leave to amend in ten days. After due service of notice of such ruling plaintiffs failed to file an amended complaint. Judgment for defendant followed. From this judgment plaintiffs appeal.

Appellants argue that the court erred in sustaining respondents' demurrer to the amended complaint for the reason that when a pledgee holding as collateral security a note secured by a trust deed forecloses the trust deed under the power of sale granted therein and himself buys the property, then only the equity is foreclosed, and the pledgee thereafter holds the property merely as security for his debt, citing *Farmers' Sav. Bank* v. *Lesky*, 6 Fed. (2d) 539; *Gilbert* v. *Thayer*, 104 N. Y. 200 [10 N. E. 148]; *Blood* v. *Shepard*, 69 Kan. 752 [77 Pac. 565]; *Hicks* v. *Dowdy*, 202 Ala. 535 [81 So. 37]; *Lincoln Safe Dep. Co.* v. *Yeast*, 117 Neb. 344 [220 N. W. 573], which in effect hold that the pledgee, upon foreclosure and purchase of the collateral security, holds the property purchased subject to the pledge agreement, and that the land is substituted for the trust deed as collateral security for the pledge and that the trustor or mortgagor's equity is foreclosed by such sale, but not the pledgor's equity, and that the latter's rights can

be affected only by a pledgee's sale held in accordance with the law governing such sales.

In *Wright* v. *Ross,* 36 Cal. 414, (1868) in a three to two decision, the Supreme Court of this state decided the point raised in line with the above-cited cases but on a rehearing in a three to two vote, the decision was changed and the court held that the pledgee had the right to purchase the property for his own account and was not accountable for it to the pledgor, but was only accountable for the surplus, if any, over the amount of the pledge.

In the case of *Kelly* v. *Matlock,* (1890) 85 Cal. 122, the court said page 129 [24 Pac. 642], that under our code, had the pledgee foreclosed the mortgage and become the purchaser that he would not then hold title to the property as trustee for his pledgor, unless fraud be shown, citing Civil Code, sections 3006 and 3011. The cases of *McArthur* v. *Magee,* (1896) 114 Cal. 126 [45 Pac. 1068], *Hoult* v. *Ramsbottom,* 127 Cal. 171 [59 Pac. 587], and *Beatty* v. *Pacific States Savings & Loan Co.,* 4 Cal. App. (2d) 692 [41 Pac. (2d) 378] (hearing denied by Supreme Court) follow the holding in *Kelly* v. *Matlock, supra.*

Appellants argue and endeavor now to point out that the California courts in the decisions referred to, have not recognized the trust character of the pledge relationship, and by virtue of that omission have held that a pledgee may foreclose the evidence of debt and purchase the property and hold it free of the pledge relationship without ever holding a pledgee's sale. It is to be noted that the amended complaint does not allege that there was any surplus received from the sale of said property, over and above the amount due respondent. Appellants claim the real property only and an accounting for the rents and profits of the real property after the foreclosure sale. Appellants do not allege, or claim to have alleged in their complaint, fraud of any kind and their complaint does not state a cause of action unless a pledgee *in all cases* becomes a trustee for the pledgor when he forecloses a mortgage or trust deed held as collateral security and purchases the real property given as security at the foreclosure sale.

It has been repeatedly held that where a conclusion reached in a decision has been settled by long acquiescence on the part of the legislature and the courts, it will ordinarily

not be disturbed, even if its soundness is doubted. (*Sorensen* v. *Hall,* 219 Cal. 680 [28 Pac. (2d) 667]; *County of San Diego* v. *Childs,* 217 Cal. 109, 121 [17 Pac. (2d) 734].) The fact that certain other states, many of which have different statutory provisions relating to pledges, have decided this question differently, there certainly is not now sufficient excuse for overruling a rule which has been decided by a long line of decisions of this state extending over a period of 70 years.

For the reasons expressed the judgment of the trial court is affirmed.

Barnard, P. J., and Marks, J., concurred.