LINCOLN SAFE DEPOSIT COMPANY, APPELLEE, v. PERRY A. YEAST, APPELLANT.

FILED JULY 2, 1928. NO. 25982.

*Field, Ricketts & Ricketts,* for appellant.

*Stewart & Stewart* and *Perry & Van Pelt, contra.*

Heard before ROSE, GOOD, THOMPSON, EBERLY and HOWELL, JJ., and REDICK, District Judge.

THOMPSON, J.

This is an action instituted in the district court for Lancaster county by appellee, hereinafter called plaintiff, against the appellant, hereinafter called defendant, seeking to recover judgment on a promissory note, but which by the mutual consent of the parties was afterwards converted into an action in equity. Trial was had to the court and judgment entered in favor of plaintiff, to reverse which the defendant appeals.

A résumé of the pleadings in the case, as we view them, will aid us in our consideration. As above indicated, the original action was one at law to recover $9,896.70 on a promissory note dated January 1, 1924, executed by defendant to plaintiff. The defendant in his answer denied each allegation of the petition, and further pleaded that on March 1, 1922, defendant borrowed from plaintiff $52,-642 evidenced by coupon bonds; that to secure the payment of such bonds he assigned to plaintiff a note and mortgage executed by one Ballinger to defendant, in the sum of $52,-642, which mortgage covered 10,240 acres of land in Sheridan county; and as further collateral to such loan defendant assigned and transferred to plaintiff two $10,000 promissory notes, given to defendant by Mack Higdon, a resident of Canada; that Ballinger failed to pay the interest installments due on his note, which interest (also interest on all collateral notes) should have been collected by plaintiff and applied on defendant's indebtedness to it;

that the above $9,896.70 note purports to represent the past due and unpaid interest on the notes then held by plaintiff as security, hence was without consideration; that, while Ballinger was in possession of these mortgaged lands, a lease was by him executed to one Lowe, and defendant procured Ballinger to assign to plaintiff $2,500 of such rentals, which when by assignee collected were to be by it applied on the above indebtedness; that plaintiff foreclosed the Ballinger mortgage and the premises were sold and bid in by it, and now the plaintiff is the record owner thereof; that the land is fairly and reasonably worth $10 an acre; that an action has been commenced by plaintiff on the Higdon notes in Canada, in a court possessed of jurisdiction, and that Higdon is solvent; that defendant is entitled to, and demands, an accounting as between the plaintiff and the defendant, as to the various transactions involved; and prays: "That plaintiff's petition be dismissed; that an accounting be had between the plaintiff and defendant covering the various transactions as herein set forth, and that judgment be entered herein based on such accounting, and for such other and further relief as may be just and equitable."

On filing of this answer, by reason and in furtherance of the matters therein contained and prayed for, plaintiff asked and was granted the right to file an amended and supplemental petition in equity, which it did, and therein set forth in detail the entire transactions indicated by such answer, including all expenses connected therewith, among which allegations were, that it bid in and took the title to the Sheridan county lands in its name at the instance and request of defendant, as evidenced by oral contract and written correspondence, to be by it held and by it sold and proceeds, less expenses, applied upon the original loan from plaintiff to defendant; that defendant was interfering with the suit in Canada in a wrongful manner to plaintiff's damage, and should be enjoined; and prayed that an accounting might be had; that the amount due and owing it be ascertained and judgment entered therefor; that it

might be found to hold the Sheridan county land as pledgee and not as actual owner; that some person be authorized and directed to sell and convey the same, either at public or private sale; that the remaining securities in its hands be collected, and that out of the total of all the aforesaid proceeds the reasonable expenses involved, including court costs, be first paid, and the remainder thereof be applied to the payment of the debt as herein found due it; and if a surplus thereafter remained, the same be paid to defendant, and that report of such sale be made to the court.

To this supplemental petition the defendant answered, entering a general denial, and further alleged as in his original answer, and, in addition, that the bid of plaintiff at the Ballinger foreclosure sale was $58,734, and plaintiff is now the legal holder of the lands in question, and that defendant is entitled to credit upon any indebtedness owed by him to plaintiff for the reasonable value of the premises; that such value exceeds the amount claimed to be owed by defendant to plaintiff. Further, it is alleged that the oral request, if any (for the plaintiff to bid in the land at the foreclosure sale), is void and of no effect, for the reason that same is a contract relating to real estate not in writing, and falls within the inhibition of our statute of frauds; that the district court for Lancaster county is without jurisdiction to foreclose a mortgage on, and sell, land situate in Sheridan county, as asked for in plaintiff's supplemental, petition. He then prays that he may go hence and recover his costs.

To this answer the plaintiff in its reply interposed facts which, if proved, would amount to an estoppel on the part of the defendant to deny the force and validity of the oral agreement pleaded by plaintiff, in furtherance of which it claims it bid in, took in its name, and now holds the Sheridan county land. This was followed by a general denial of all matters in the answer, save those specifically admitted in the reply.

Under these pleadings, and the evidence adduced in harmony therewith, the trial court entered the following

judgment, in substance: That plaintiff have and recover from the defendant the sum of $83,090.54, and in the event that defendant does not pay such amount within 30 days plaintiff may sell the Sheridan county land, either at public or private sale, and make report of the amount realized from such sale, and that such proceeds, less expenses of sale, be credited upon the above sum found due plaintiff; further, that plaintiff proceed with the collection of the Higdon notes, and whatever amount is realized from such collection, less expenses, be also credited on the amount due plaintiff, and if any surplus remain thereafter, plaintiff should pay the same to defendant.

It is claimed on the part of the defendant that certain of the findings of fact by the trial court and certain conclusions of law which formed the basis of the judgment appealed from are erroneous. It is sufficient to say that we have given consideration to each, and conclude that as to the court's findings of fact each thereof is amply sustained by the evidence; that as to the right of the trial court to hear and determine the matters involved herein as a suit in equity and after so hearing to grant full and complete relief, the defendant should not be heard to object, as he it was who initiated the change from that which was purely a law action to one purely equitable, and in so doing selected the forum and invited the procedure, and in good conscience he should not be heard to complain. Then, as the $9,896.70 note which formed the basis of the action as originally instituted was one covered by the pledge set forth in defendant's first answer, the suit in equity was germane to the action as first lodged.

Defendant urges that a Lancaster county district court is without jurisdiction to foreclose a mortgage on, and sell, Sheridan county land. The heretofore indicated record does not show this to be such an action. Therefore section 8555, Comp. St. 1922, and other sections thereof cited, are not controlling. This defendant demanded an accounting, a bringing into the court of all things pertinent thereto on the part of the plaintiff as well as on the

part of the defendant, for its consideration. This required a finding by the court as to the status of the parties in regard to the matters involved, including the lands in question and the respective claimed debits and credits, and also called for the court's direction in reference thereto. As we find, this arduous task was performed by the trial court without error, and clearly pertained to matters within its jurisdiction.

The defendant did not at any time notify the plaintiff that he had elected to treat the purchase of the lands at foreclosure sale by plaintiff as its purchase, and that he demanded credit to the amount of the bid on his indebtedness. In his first answer he says, in substance, that such sale of the property was had, the land bid in by plaintiff, and that the record title stands in its name; that the value of the lands reasonably exceed $100,000, and that such value should be accounted for by plaintiff to defendant; not that defendant demanded credit for the amount of the bid, but that the court should by reason of its far-reaching equitable powers treat these lands as of the date of trial as lands of defendant wrongfully held by plaintiff, and by decree award defendant the value thereof. Thus, at the time of trial defendant had not elected to hold plaintiff for the amount of the bid. Further, it will be noticed that in defendant's second answer the substance of his original answer was contained therein, and, in addition, that the bid of plaintiff at the foreclosure sale was $58,734, and plaintiff is now the legal holder of said premises; and that defendant is entitled to credit upon any indebtedness owing by him to plaintiff for the reasonable value of said premises, not for the purchase price at the sale. Defendant at no time asks that he be given credit for the amount of the bid.

Under the record, we are of the opinion that in denying credit to defendant of the amount of such bid, and in directing plaintiff to sell the lands, the trial court is supported by the evidence and the law applicable. The plaintiff became the purchaser of this land, not with the intent

or purpose of becoming the owner in fee thereof, but with the intent of changing the character of the pledge from a pledge of the mortgage being foreclosed and the notes secured thereby to a pledge of the lands covered by such mortgage, and so took and held, and now holds the same; and in so doing it was and is acting within its legal rights in furtherance of its duties as such pledgee.

The law applicable to the case before us is: Where a real estate mortgage of a third party together with the notes secured thereby are pledged by the mortgagee as collateral security for a debt owing by him to the pledgee, and the pledgee thereafter forecloses such mortgage without making the pledgor a party to the suit, and at the foreclosure sale purchases the property and takes title in his own name, he is presumed to hold, as pledgee, such real estate as collateral security for the principal debt in lieu of the mortgage foreclosed, unless it appears that it was the intent of such purchaser to acquire a fee title.

This conclusion is not in conflict with our holding in *Ross v. Barker,* 58 Neb. 402, wherein it was found by the the court that the pledgee bought the lands at the foreclosure sale with intent to acquire complete title thereto.

All claimed errors presented have had our consideration, some specifically and others in a more general way, and we conclude that the judgment of the trial court is right, and it is

AFFIRMED.